IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ESTELLA LYNN TRAMMELL<br>Individually and On Behalf of All Others<br>Similarly Situated, | § § § § | |
| Plaintiff, | § § | Civil Action No. |
| v. | § § | 1:17-CV-1129 |
| ACCENTCARE, INC., Defendant. | § § § § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff Estella Lynn Trammell ("Named Plaintiff") on behalf of herself and all others similarly situated ("Class Members" herein) (Named Plaintiff and Class Members are collectively referred to herein as "Plaintiffs") brings this Fair Labor Standards Act ("FLSA") suit against the above-named Defendant under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, as amended.

## I. NATURE OF SUIT

1. The FLSA was passed by Congress in 1938 to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945). To achieve its humanitarian goals, the FLSA "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he is employed." *Walling v. Helmerich & Payne,* 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207(a)).

2. Defendant violated the FLSA by paying its hourly, FLSA non-exempt employees—including its Field Specialists—only a straight time hourly wage for all intra-workday travel time, regardless of the number of hours worked in a week. This policy of paying straight time for all intra-workday travel results in Defendant's failure and refusal to pay its hourly, FLSA non-exempt employees—including its Field Specialists—at time-and-one-half their regular rates of pay for all hours worked in excess of forty hours within a workweek.

3. Defendant further violated the FLSA by failing to pay its hourly, FLSA non-exempt employees—including its Field Specialists—non-discretionary bonuses without including those bonuses in its calculations of Plaintiffs' regular rate of pay for purposes of calculating the overtime rate.

4. Because there are other putative plaintiffs who are similarly situated to the Named Plaintiff with regard to the work performed and the Defendant's compensation policies—specifically, those policies mentioned in Paragraphs 2 and 3, above—Named Plaintiff brings this action as a collective action pursuant to 29 U.S.C. § 216(b).

## II. PARTIES

5. Named Plaintiff Estella Lynn Trammell is an individual who resides in Rosanky, Bastrop County, Texas. She has been employed by Defendant within the meaning of the FLSA since January 1997. Named Plaintiff Estella Lynn Trammell consents to be a party-plaintiff to this action, as indicated in her consent form, which is attached hereto as "Exhibit A."

6. The Named Plaintiff and Class Members are Defendant's current and former hourly, FLSA non-exempt employees who worked as such for Defendant in the United States of America and were paid an hourly wage and were paid straight time for intra-workday travel.

7. AccentCare, Inc. is a Delaware corporation that is currently authorized to do business in Texas, and that is doing business in Texas. Its principal office is located in Dallas, Texas. Its registered agent

for service of process is Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701.

## III. JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction in this case because Named Plaintiff asserts claims arising under federal law. Specifically, Named Plaintiff asserts claims arising under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. This Court, therefore, has subject matter jurisdiction pursuant to 28 U.S.C. § 1331. This Court also has personal jurisdiction over all parties to this action.

9. Venue is proper in the Austin Division of the United States District Court for the Western District of Texas. Named Plaintiff Trammell was an employee of Defendant and performed work for Defendant in Austin, Texas and its surround areas during the three years preceding this action. Defendant continues to do business in Austin, Texas. Thus all or a substantial part of the events giving rise to Plaintiff's claims occurred in this district and division. In addition, inasmuch as Defendant is subject to this Court's personal jurisdiction for purposes of this civil action, Defendant resides in this district and division. Venue in this Court is therefore proper under 28 U.S.C. § 1391(b).

## IV. COVERAGE UNDER THE FLSA

10. At all relevant times, Defendant has acted, directly or indirectly, in the interest of an employer with respect to Named Plaintiff and the Class Members.

11. At all times hereinafter mentioned, Defendant has been an "employer" in relation to the Plaintiffs within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

12. At all times hereinafter mentioned, Defendant has been engaged in an "enterprise" within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

13. At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that Defendant is an enterprise and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

14. At all times hereinafter mentioned, Named Plaintiff and Class Members were individual "employees" (as defined in Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1)) who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §207 and whom Defendant at all relevant times "employ[ed]" within the meaning of Section 3(g) of the FLSA, 29 U.S.C. § 203(g).

## V.  FACTUAL ALLEGATIONS

15. Defendant is a nationwide home healthcare provider, with more than 19,000 qualified professionals in over 140 offices. Defendant provides a full spectrum of care, including skilled home healthcare services, personal care services, private duty nursing, hospice/end of life care, and care management.

16. Defendant is a third-party employer, meaning it employs workers, including Plaintiffs, to care for individuals in the individual's own home. The individual being cared for does not contract directly with the employee.

17. Named Plaintiff Trammell has worked for Defendant, or its predecessors, since January 1997.

18. Named Plaintiff Trammell is a Field Specialist for Defendant. As a Field Specialist, Ms. Trammell provided home care services—providing in-home housekeeping, meal preparation, toileting,

dressing, showering, grooming, transportation, transport, and laundry services for Defendant's patients.

19. During all times relevant to this action, Plaintiffs performed only non-exempt work.

20. For all times relevant to this action, Named Plaintiff Trammell's primary job duty is not the performance of work directly related to Defendant's management or general business operations, or those of their customers.

21. For all times relevant to this action, the Named Plaintiff Trammell's primary job duty did not include the exercise of discretion and independent judgment with respect to matters of significance.

22. Named Plaintiff Trammell and Class Members were paid by the hour and were paid only at straight time rates for intra-workday travel time.

23. Defendant employs other individuals who are not titled Field Specialists but who are paid by the hour and are paid straight time for intra-workday travel time.

24. Defendant did not pay Named Plaintiff Trammell or Class Members on a salary or a fee basis pursuant to 29 C.F.R. §541.600. Instead, Defendant paid Named Plaintiff Trammell and Class Members an hourly wage.

25. Defendant paid Named Plaintiff Trammell and Class Members for their intra-workday travel at only their straight time hourly rate, regardless of the number of hours worked in the week. Even in weeks where Named Plaintiff Trammell and Class Members worked more than forty hours, Plaintiffs' intra-workday travel was compensated only at straight time hourly rates.

26. Named Plaintiff Trammell and Class Members regularly worked in excess of forty hours per week, including the intra-workday travel time. But Defendant did not pay Trammell one and one-half times her regular rate of pay for hours she worked in excess of forty hours in all workweeks. For example, from September 16, 2016 through September 30, 2016, Named Plaintiff Trammell

worked 80 "Regular" hours at ten dollars per hour and an additional 31.25 "Travel Time" hours also at ten dollars per hour. But Named Plaintiff Trammell was only paid an overtime premium for 1.75 hours. By way of further example, from October 16, 2016 through October 31, 2016, Named Plaintiff Trammell worked 73 "Regular" hours at ten dollars per hour and an additional 28.27 "Travel Time" hours, also at ten dollars per hour. Named Plaintiff Trammell was not paid any overtime premium during this pay period. There are numerous similar examples in the last three years.

27. Named Plaintiff Trammell was also not compensated at a rate of one and one-half times her regular rate of pay for other hours worked during the week. For example, from March 1, 2017 through March 15, 2017, Named Plaintiff Trammell worked 82 "Regular" hours but was not paid any overtime premium during this pay period. By way of further example, from June 1, 2016 through June 15, 2016, Named Plaintiff Trammell worked 88 "Regular" hours at ten dollars per hour but was only paid an overtime premium for 1.25 hours. There are numerous similar examples of these violations.

28. Named Plaintiff Trammell was also paid non-discretionary incentive bonuses that were provided at regular intervals but were not included in her regular rate of pay for purposes of calculating her overtime premium. For example, on June 30, 2017, Named Plaintiff Trammell was paid a non-discretionary bonus of $3,047.52. Although Named Plaintiff Trammell worked more than forty hours per week during weeks covered by the bonus, she was not paid an overtime premium based on a regular rate of pay that included the non-discretionary bonus.

29. Defendant employs other individuals who are paid non-discretionary bonuses not included in their regular rates of pay for purposes of calculating an overtime premium.

## VI. COLLECTIVE ACTION ALLEGATIONS

30. Named Plaintiff Trammell seeks conditional certification pursuant to 29 U.S.C. § 216(b) of the following classes:

    a. The "Travel Time Class Members":

       **All individuals employed by Defendant in the last three years who worked in excess of 40 hours during one or more workweeks, and who were paid by the hour, but whom Defendant paid only a straight time hourly rate for their travel time.**

    b. The "Non-Discretionary Bonus Class Members":

       **All individuals employed by Defendant in the last three years who were paid by the hour and received non-discretionary bonuses that were not included in the regular rate of pay for purposes of calculating the overtime rate.**

31. Named Plaintiff and the Travel Time Class Members and Non-Discretionary Bonus Class Members have performed, and are performing, the same or similar job duties as one another in that they are performing FLSA non-exempt work. Further, Named Plaintiff and the Travel Time Class Members were subjected to the same pay provisions in that they were all paid by the hour and were paid only at straight time rates only for their intra-workday travel time regardless of the number of hours worked per week. And Named Plaintiff and the Non-Discretionary Bonus Class Members were subjected to the same pay provisions in that Defendant paid by the hour and paid them non-discretionary bonuses but did not include those bonuses in the regular rate of pay for purposes of calculating the overtime rate. Thus, the Travel Time Class Members and Non-Discretionary Bonus Class Members are owed unpaid overtime for the same reasons as Named Plaintiff, without regard to their individualized circumstances.

32. Defendant's failure to compensate employees for hours worked in excess of 40 in a workweek as required by the FLSA results from a policy or practice of paying Named Plaintiff and Travel Time Class Members and Non-Discretionary Bonus Class Members in the manner described herein

above.  This policy or practice is and has been, at all relevant times, applicable to the Named Plaintiff and all Travel Time Class Members and Non-Discretionary Bonus Class Members. Application of this policy or practice does not depend on the personal circumstances of the Named Plaintiff or those joining this lawsuit.  Rather, the same policy or practice that resulted in the non-payment of overtime compensation to Named Plaintiff also applied to all Travel Time Class Members and Non-Discretionary Bonus Class Members.

### VIII. CAUSE OF ACTION ONE:  FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

33. Named Plaintiff incorporates all allegations contained in the foregoing paragraphs as though fully set forth herein.

34. During the relevant period, Defendant has violated and is violating Section 7 of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2) by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as stated herein above, for workweeks longer than 40 hours without compensating such employees for their work in excess of forty hours per week at rates no less than one-and-one-half times their regular rates for which they were employed.  Defendant has acted willfully in failing to pay Named Plaintiff and the Class Members in accordance with applicable law.

### XI. PRAYER FOR RELIEF

Plaintiff prays for an expedited order certifying a class and directing notice to putative class members pursuant to 29 U.S.C. § 216(b) and, individually, and on behalf of all such class members, on trial of this cause, judgment against Defendant as follows:

a. For an Order pursuant to Section 16(b) of the FLSA, 29 U.S.C. §216(b), finding Defendant liable for unpaid back wages due to Named Plaintiff (and those who may join in the

suit) and for liquidated damages equal in amount to the unpaid compensation found due to Named Plaintiff (and those who may join the suit);

    d.    For an Order awarding Named Plaintiff (and those who may join in the suit) the taxable costs and allowable expenses of this action;

    e.    For an Order awarding Named Plaintiff (and those who may join in the suit) attorneys' fees; and

    f.    For an Order awarding Named Plaintiff (and those who may join in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law;

    g.    For an Order awarding Named Plaintiff declaratory and injunctive relief as necessary to prevent the Defendant's further violations, and to effectuate the purposes, of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.*; and

    h.    For an Order granting such other and further relief, at law or in equity, as may be necessary and/or appropriate.

Respectfully Submitted,

**MORELAND LAW FIRM, P.C.**
The Commissioners House at Heritage Square
2901 Bee Cave Road, Box L
Austin, Texas 78746
Tel: (512) 782-0567
Fax: (512) 782-0605

By: */s/ Daniel A. Verrett*
    Daniel A. Verrett
    Texas State Bar No. 24075220
    daniel@morelandlaw.com

Edmond S. Moreland, Jr.
State Bar No. 24002644
edmond@morelandlaw.com
13590 Ranch Road 12
Wimberley, Texas 78676
(512) 782-0567

(512) 782-0605 - telecopier

**ATTORNEYS FOR PLAINTIFF**